IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON B. JAMES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>OFFICER BRUCE FEDULOFF,<br>OFFICER LESTER SOO, et. al.,<br><br>　　　　Defendants.<br>_____ | No. C 04-1195 MMC (PR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT; DIRECTING CITY ATTORNEY TO NOTIFY COURT RE REPRESENTATION OF DEFENDANTS SOO AND FEDULOFF; DIRECTING PLAINTIFF TO FILE NOTICE OF INTENT TO PROSECUTE**<br><br>**(Docket No. 11)** |

　　Plaintiff, a California prisoner proceeding pro se, filed the above-titled civil rights complaint pursuant to 42 U.S.C. § 1983, against various Berkeley Police Officers and municipal entities for the use of excessive force during the course of his arrest. The Court found cognizable plaintiff's claims against two individual police officers and the Berkeley Police Department, and ordered them to file a dispositive motion or notice that such motion is unwarranted. The City of Berkeley has filed a motion for summary judgment. Though given an explanation of a motion for summary judgment, and a warning as to the possible consequences of such a motion, plaintiff did not file an opposition.

//
//

//

## BACKGROUND[1]

On April 1, 2003[2], plaintiff was chased at high speed by officers of the Berkeley and Albany Police Departments. Plaintiff was a suspect in an armed bank robbery which had just taken place in Albany, California, and he was driving through Berkeley in a car that matched the description of the getaway car. Plaintiff crashed his car in a residential area of Berkeley, and three Berkeley police officers arrived at the scene, including Officer Bruce Feduloff ("Feduloff") and Officer Lester Soo ("Soo").

Plaintiff was seated in the driver's seat of the car, but was leaning down toward the passenger side, and his hands were out of view. Officer Soo ordered him to show his hands, but plaintiff did not comply. A third Berkeley police officer (who is not named by either party) tried to open the driver's side door, but it was either locked or jammed, and the officers could not access plaintiff from the passenger side because that side was pushed up against a fence. The parties dispute what happened next.

According to plaintiff, Officers Soo and Feduloff broke the driver's side window with their batons, and in doing so, broke plaintiff's arm. According to Officers Soo and Feduloff, it was the third Berkeley police officer who broke the driver's side window with his baton, but in doing so he did not touch plaintiff, who at that time was leaning away from the driver's side door. After the window was broken, Officer Feduloff was able to open the driver's door. Because plaintiff did not get out, an Albany Police Officer (also not named), pulled plaintiff out of the car. According to plaintiff, after he was pulled out of the car, the Berkeley police officers beat him up. Officers Feduloff and Soo state they did not touch plaintiff. In any event, paramedics thereafter arrived at the scene of the accident, tended to plaintiff, and took him to the hospital.

//

---

[1] Except where noted, the facts in this section are not disputed by the parties.

[2] The complaint states that the year was 2004. This appears to be a typo, however, because the complaint itself was signed and filed in March 2004.

**DISCUSSION**

A.   Moving Parties

Plaintiff initiated this action by a form complaint. In the caption of the form complaint, and the portion of the form for listing the defendants, plaintiff included the following: the City of Berkeley Police Department, the Alameda County Jail, the Santa Rita Medical Department, and John Does 1-10. In the Order of Service, the Court dismissed the claims against the Alameda County Jail and the Santa Rita Medical Department, and ordered the complaint served upon the City of Berkeley Police Department. In addition, because the factual allegations in the complaint stated cognizable claims against Berkeley Police Officers Soo and Feduloff, the Court construed the complaint to name Officers Soo and Feduloff as two of the "John Doe" defendants, and ordered the complaint served upon Officers Soo and Feduloff as well. The United States Marshall subsequently returned proofs of service, indicating that service was executed upon the City of Berkeley Police Department, and Officers Soo and Feduloff.

The City Attorney of the City of Berkeley ("City Attorney"), who filed the present motion for summary judgment, therein identifies that office as "Attorneys for Defendant City of Berkeley." It thus would appear that the instant motion was filed on behalf of the City of Berkeley only. On the other hand, the motion includes affidavits from Officers Soo and Feduloff, and argues the absence of a genuine issue of material fact as to whether these officers violated plaintiff's constitutional rights. Consequently, it is unclear whether the City Attorney is representing Officers Soo and Feduloff in this matter. To resolve the question of representation, and pursuant to the instructions set forth below, the City Attorney shall notify the Court as to whether the City Attorney represents Officers Soo and Feduloff in this matter, and, if so, the City Attorney shall file an answer on their behalf.

B.   Legal Standard

Summary judgment is proper where the pleadings, discovery and affidavits show there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(c). Material facts are those that may affect the outcome of the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a

material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See id.

The court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); see also Anderson v. Liberty Lobby, 477 U.S. at 248 (holding a fact is material if it might affect the outcome of the suit under governing law, and that a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party"). The moving party bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The burden then shifts to the nonmoving party to "go beyond the pleadings, and by his own affidavits, or by the 'depositions, answers to interrogatories, or admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" See Celotex, 477 U.S. at 324 (citing Fed. R. Civ. P. 56(e)).

At summary judgment, the judge must view the evidence in the light most favorable to the nonmoving party; if direct evidence produced by the moving party conflicts with direct evidence produced by the nonmoving party, the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact. See Leslie v. Grupo ICA, 198 F.3d 1152, 1158 (9th Cir. 1999). The court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence with respect to a disputed material fact. See T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

Where, as here, the plaintiff does not file an opposition to the motion for summary judgment, the Court treats the allegations in the verified complaint as an opposing affidavit to the extent such allegations are based on the plaintiff's personal knowledge and set forth specific facts admissible in evidence. See Schroeder v. McDonald, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995).

C.  Analysis

    1.  Municipal Defendant

In the complaint, plaintiff names as a defendant "the City of Berkeley Police Department," not the City of Berkeley. The City of Berkeley explains in its motion for summary judgment that the City of Berkeley Police Department is not a municipal entity that can be sued. For the reasons explained below, even if the City of Berkeley itself had been named as the proper municipal defendant, it would be entitled to summary judgment.

In the instant motion, the City of Berkeley argues that the complaint alleges no facts indicating the existence of an unconstitutional municipal policy, as is required to establish liability on the part of a municipality. Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom results in a violation of a constitutional right. Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978). Under Monell, to impose municipal liability under § 1983 for a violation of a constitutional right, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounted to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy was the moving force behind the constitutional violation. See Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997).

As explained above, because plaintiff has not filed an opposition, the Court is limited to the factual allegations in his complaint. The complaint does not allege the existence of any policy on the part of the City of Berkeley, much less that any policy was the moving force behind the officers' use of excessive force. The complaint simply alleges the facts surrounding plaintiff's arrest, including the officers' alleged use of excessive force on that occasion. Even viewed in the light most favorable to plaintiff, an allegation of the use of force on a single occasion does not give rise to a reasonable inference that the force was employed pursuant to policy. As plaintiff has not created a genuine issue of material fact as to whether the constitutional violations alleged in this case were committed pursuant to a policy of the City of Berkeley, the City of Berkeley is entitled to summary judgment on plaintiff's claims.

### 2. Individual Defendants

The constitutional right at issue when it is alleged that a law enforcement officer used excessive force in the course of an arrest or other seizure is the Fourth Amendment right to be free from "unreasonable . . . seizures." U.S. Const. amend. IV; see Graham v. Connor, 490 U.S. 386, 394 (1989). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Id. at 396 (internal quotation and citation omitted). Because the reasonableness standard is not capable of precise definition or mechanical application, "its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. The reasonableness inquiry in excessive force cases is an objective one, the question being whether the officer's actions, and/or failure to act,[3] are objectively reasonable in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation and without the "20/20 vision of hindsight." Id.

The Court's consideration of whether a particular use of force was reasonable "must embody allowance for the fact that police officers are often forced to make split-second judgments--in circumstances that are tense, uncertain, and rapidly evolving--about the amount of force that is necessary in a particular situation." Id. at 396-97. Not every push or

---

[3] Police officers may be held liable if they have an opportunity to intercede when their fellow officers violate the constitutional rights of a plaintiff but fail to do so. See Cunningham v. Gates, 229 F.3d 1271, 1289-90 (9th Cir. 2000).

1 shove, even if it may later seem unnecessary in the peace of a judge's chambers violates the
2 Fourth Amendment. Id. at 396. See also Jackson v. City of Bremerton, 268 F.3d 646, 650-51
3 (9th Cir. 2001) (applying foregoing framework of Graham to first step of qualified immunity
4 defense).

5      Here, the first area of disputed fact concerns the breaking of the car window. As noted,
6 plaintiff alleges that Officers Feduloff and Soo broke the window with their batons and, in
7 doing so, broke his arm. By contrast, Officers Feduloff and Soo state in their declarations that
8 it was another Berkeley police officer who broke the window, and further, that the other
9 officer did not touch plaintiff in doing so. Assuming plaintiff's version of these events is true,
10 as the Court must do at this stage of the proceedings, plaintiff nonetheless has failed to raise a
11 triable issue of material fact, as he has alleged no facts from which a finding could be made
12 that the officers' actions were unreasonable under the circumstances. It is undisputed that
13 plaintiff was a suspect fleeing from a robbery, specifically an armed robbery; that he had
14 attempted to elude arrest by driving at high speeds through a residential neighborhood; and that
15 after he finally crashed and was approached by law enforcement, he was observed to lean over
16 toward the passenger side with his hands out of view. It is also undisputed that plaintiff did not
17 cooperate with Officer Soo's order to show his hands. Under such circumstances, a reasonable
18 officer, recognizing that a heretofore uncooperative suspect of a violent crime might be
19 reaching for a weapon, would be concerned for his own safety as well as the safety of any other
20 persons in the area. Because the officers could not gain access to plaintiff by the car doors, it
21 was reasonable to break the window. Even if, as plaintiff alleges, plaintiff's arm was injured
22 when the window broke, such injury does not render the initial decision to break the window
23 either unreasonable or unnecessary.

24      Thus, viewing all of the circumstances in the light most favorable to plaintiff, the
25 officers' legitimate interest in ensuring their safety and the safety of others, given the threat
26 plaintiff posed, warranted the amount of force they used in breaking open the window. See,
27 e.g., Johnson v. Woodard, 340 F.3d 787, 792-93 (9th Cir. 2003) (finding deputy sheriff's
28 pulling and twisting of armed bank robbery suspect to extract him from car and take him into

7

custody following high-speed car chase and crash objectively reasonable as a matter of law); Jackson, 268 F.3d at 652 (finding no excessive force where officer pushed suspect to ground for purpose of handcuffing, placed knee in her back despite known preexisting back and shoulder injuries, sprayed her hair with chemical irritant, and turned up squad car heat on 90-degree day).

The second area of disputed fact concerns whether the Berkeley police officers beat plaintiff after he had been removed from the car. Plaintiff alleges that such beating occurred; Officers Soo and Feduloff state that no Berkeley officers had any physical contact with plaintiff. Assuming, for purposes of the instant motion, that plaintiff's statement is true, the officers' actions would not be reasonable under the circumstances. It is undisputed that plaintiff, at the time he was pulled out of the car, had suffered injuries from the crash, and that there were at least four officers present. Further, there is no evidence that, at this point, plaintiff was armed, or that he was threatening or resisting the officers. Because plaintiff was effectively under police control, and no longer a danger, the amount of force alleged by plaintiff would not have been reasonable. Accordingly, an issue of material fact exists as to whether Berkeley Police Officers Soo and Feduloff used excessive force against plaintiff after plaintiff was removed from the car.[4]

**CONCLUSION**

For the foregoing reasons,

1. The motion for summary judgment is GRANTED as to the City of Berkeley Police Department, and DENIED as to Officers Feduloff and Soo.

2. Within **thirty days** of the date this order is filed, the City Attorney for the City of Berkeley shall notify the Court as to whether the City Attorney represents defendants

---

[4] Plaintiff does not identify by name the officers who allegedly beat him, stating only that he was "beaten by the Officers of the City of Berkeley." Nevertheless, it can reasonably be inferred from the fact that Officers Soo and Feduloff were two of the three Berkeley officers present, that they were among the officers who allegedly participated in any such beating.

8

1  Feduloff and Soo in this matter, and, if so, shall file an answer to the complaint on their behalf.

2        3.      As plaintiff did not file an opposition to the motion for summary judgment, and
3  has not filed anything in this matter in nearly 18 months, it is unclear whether he wishes to
4  continue with this case.  Accordingly, within **thirty days** of the date this order is filed, plaintiff
5  shall notify the Court whether he intends to prosecute this matter.  **<u>Plaintiff is hereby advised</u>**
6  **<u>that his failure to do so will result in the dismissal of this action for failure to</u>**
7  **<u>prosecute, pursuant to Federal Rule of Civil Procedure 41(b).</u>**

8        This order terminates Docket No. 11.

9        IT IS SO ORDERED.

10 DATED: September 14, 2005          _____
11                                        MAXINE M. CHESNEY
                                       United States District Judge